Dear Mr. Butterfield:
You have requested our office answer questions regarding the legal and correct procedures for allowing the public to inquire and view employee's payroll checks and records.
Title 44 of the Louisiana Revised Statute governs public records in the State of Louisiana. La.R.S. 44:1 A (1) specifically states:
 A. (1) As used in this Chapter, the phrase "public body" means any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish, or municipal government, including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function.
 (2)(a) All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records", except as otherwise provided in this Chapter or the Constitution of Louisiana.
The Town of Pollock falls within the realm of "public body" by the definition set in La.R.S. 44:1A (1). Also, generally, payroll checks and other records fall within those materials deemed public by La.R.S. 44:1A (2). Attorney General Opinion 85-809 (attached) is factually similar to this case and reaffirms this holding. Financial sheets, payroll records, and other records of a Louisiana town are public records that can be seen upon request. However, payroll checks, not in the possession of the public body when sent or delivered to personnel, are outside the scope of the Public Records Act.
Also, see generally Attorney General Opinions 98-278, 78-495, and 78-575 which all affirm that payroll records do fall within Title 44 and are subject to disclosure. All other records of your Town's employees fall under the public records doctrine unless specifically exempted by R.S. 44 or the Louisiana Constitution of 1974.
La.R.S. 44:31 specifically states that "any person of the age of majority may inspect, copy or reproduce, or obtain a reproduction of any public record." La.R.S. 44:32 et seq. give the specific guidelines as to the release and upkeep of public records.
I trust the above has sufficiently answered your questions regarding public records in Louisiana. If you have any other inquiries or questions, feel free to contact this office at your convenience.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________ CHARLES H. BRAUD JR. Assistant Attorney General
RPI/CHB:mjb
DATE RELEASED: January 28, 2003
 OPINION NO. 85-809
October 25, 1985
90-C PUBLIC RECORDS
The financial records, payroll sheets and other records of the Town of Farmerville are public records and may be viewed by qualified residents upon request.
R.S. 44:1(A) R.S. 44:31
R.S. 44:32 et seq.
Dr. J.E. Booth, M.D. Coroner 301 North Lafayette Farmerville, Louisiana
Dear Dr. Booth:
You requested an opinion as to whether the financial records, payroll sheets and other records of the Town of Farmerville are public records that can be seen by any citizen of the town upon request.
R.S. 44:1(a) concerns what is a public record and states:
 A. (1) As used in this Chapter, the phrase "public body" means any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish or municipal government, including a public or quasi-public nonprofit corporation designated as a entity to perform a governmental or proprietary function.
 (2) All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records," except as otherwise provided in the Chapter or as otherwise specifically provided by law.
 (3) As used in this Chapter, the word "custodian" means the public official or head of any public body having custody or control of a public record, or a representative specifically authorized by him to respond to requests to inspect any such public records.
The Town of Farmerville fits within the definition of 44:1(A)(1). Financial records, payroll sheets and other records fall within the definition of 44:1(A)(2).
R.S. 44:31 concerns who has the right to examine records and states:
 Except as otherwise provided in this Chapter or as otherwise specifically provided by law, and in accordance with the provisions of this Chapter any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record.
For reference as to the procedures involved within keeping and requesting records, please refer to R.S. 44:32 and following.
These above statutes should answer your question. Therefore, it is the opinion of this office that the financial records, payroll sheets and other records of the Town of Farmerville are public records that can be seen by any qualified citizen of the town upon request.
If you are in need of further information, please contact this office.
Sincerely yours,
 WILLIAM J. GUSTE, JR. Attorney General
 By: _______________ ARTHUR J. FINN STAFF ATTORNEY
AJF/re
Enclosure
 OPINION NUMBER 78-495
June 1, 1978
OFFICERS #78 Person may not simultaneously hold more than one elective office in a political subdivision.
Mr. Ted Blanchard, Member West Baton Rouge Police Jury Post Office Box 496 Port Allen, Louisiana 70767
Dear Mr. Blanchard:
By your recent letter to William J. Guste, Jr. Attorney General, you have sought an opinion on the following question:
 "Can an individual serve in the capacity of a school board member and a police juror at the same time?"
After a detail review of existing legislation which controls this issue, this office is of the opinion that an individual may not serve concurrently both a member of a parish school board and as a member of the parish police jury.
The controlling legislation in this area is R.S. 42:31 which clearly expresses the intent of the legislature to prohibit such dual office holding by persons who seek membership on two or more parish governing authorities.
If we can be of further assistance to you, please do not hesitate to call upon us.
Very truly yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 By: _________________________ KENNETH C. DEJEAN Assistant Attorney General
KCD/grd
OPINION NUMBER 98-278
AUGUST 25, 1998
53 — Hospitals 90-C — Public Records LSA-R.S. 44:1
LSA-R.S. 44:7(A) LSA-R.S. 44:36(A)
Financial records, including accounts receivable information and payroll records minus any patient specific identification, are generally subject to disclosure pursuant to the Public Records Act. X-rays, however, are not subject to disclosure.
Mayor Warren Pierrotti P.O. Box 490 Mamou, LA 70554